UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EUGENE L CHERRY,

    Petitioner,

v.                                           Case No. 16-C-1695

SCOTT ECKSTEIN,

    Respondent.

## SCREENING ORDER OF DISMISSAL

On December 21, 2016, Eugene Cherry, who is currently serving a state sentence for burglary and criminal damage to property, filed a petition for federal habeas corpus pursuant to 28 U.S.C. § 2254. The petition was dismissed on December 30, 2016, with leave to amend for failure to allege sufficient facts to support a claim for relief. ECF No. 7. Cherry has now filed what he has captioned an amended petition, but it consists of two-and-a-half pages of conclusory allegations related to his underlying convictions with 65 pages of exhibits attached. The exhibits consist of Cherry's typewritten argument, pleadings, decisions of the various state courts that reviewed his case and copies of the police reports relating to his arrest.

Cherry's amended petition contains none of the required information for a petition for relief under 28 U.S.C. § 2254, such as the crimes he was found to have committed, the court that convicted him, the date of conviction and sentence, place of confinement, length of sentence, and efforts to exhaust his state court remedies. That information was contained in his original petition and he apparently intended his amended petition as a supplement his original petition. This is a violation of the local rules of the district, which provide that any amendment to a pleading must

"reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L. R. 15(a). Cherry's amended petition could be dismissed for that reason alone. Rather than further delay ultimate resolution of the case, however, I will proceed to screen the case pursuant to Rule 4 of the Rules Governing § 2254 Proceedings. Rule 4 states:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2254 Proceedings.

Cherry alleges that his current conviction and sentence resulted from the ineffective representation provided by his trial and postconviction attorneys in violation of his Sixth Amendment right to the effective assistance of counsel. He alleges that his trial attorney provided ineffective assistance when he failed to effectively cross-examine Detective James Wolf of the Washington County Sheriff's Department at a hearing on his motion to suppress evidence seized from him on the grounds of an illegal arrest and at his subsequent trial.

Cherry's claim that he was illegally arrested was the centerpiece of his defense in his state court proceedings and was also the subject of a previous § 1983 case before this court. In late 2011, Cherry and one of his co-defendants sued Detective Wolf and other officers of the Washington County Sheriff's Department who were involved in his case for illegal arrest, unlawful detention and excessive force in violation of his rights under the Fourth Amendment, and well as racial profiling in violation of the Equal Protection Clause of the Fourteenth Amendment. That case was dismissed on summary judgment in favor of the defendants in a decision that was affirmed by the Seventh Circuit on appeal in an unpublished order. *Cherry v. Washington County*, No. 12-2647, 526 Fed.

2

Appx. 683 (7th Cir. May 10, 2013).

Cherry's claim in his current petition is not that his conviction resulted from a violation of his Fourth Amendment rights. That claim is barred, absent a showing that he was denied a full and fair opportunity to assert it in state court. *See Stone v. Powell*, 428 U.S. 465, 482 (1976) (holding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"). Instead, as noted above, Cherry's current claim is that his trial attorney provided ineffective assistance by failing to effectively cross-examine the detectives and other officers who arrested him, and that his postconviction attorney compounded the violation by failing to raise the issue in post-conviction proceedings and on appeal. It is clear from the face of Cherry's defective petition and his attached exhibits, however, that he is not entitled to habeas relief on this basis either.

Essentially, Cherry's claim is that Detective Wolf's testimony regarding Cherry's arrest was contradicted by the police reports and that trial and postconviction counsel failed to use those reports to effectively impeach him. Other than a reference to "all attached police reports," however, Cherry fails to identify what inconsistencies he thinks his attorneys should have highlighted so as to overcome the undisputed evidence that he was arrested covered in mud while fleeing from a daytime burglary along a rural back road shortly after a neighbor called the crime in to the local sheriff's department. It is not the job of a federal court reviewing a petition for relief under § 2254 to search through 65 pages of reports and court documents to locate inconsistencies that might have helped a defendant win his case. As was explained to Cherry when his initial petition was dismissed, "Habeas corpus petitions must meet heightened pleading requirements ...." *McFarland v. Scott*, 512

U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must "specify all the grounds for relief available to the petitioner," and "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a).").

Indeed, it is not the state court's job to search through papers and reports to locate a petitioner's claim either. Cherry's state habeas petition was initially dismissed for lack of specificity. (ECF No. 8-1 at 57.) This in itself would have constituted an adequate and independent state ground for denying Cherry relief that would preclude a federal court from further review of any alleged constitutional violation. *See Lee v. Foster*, 750 F.3d 687, 693–94 (7th Cir. 2014) (holding that failure to comply with state rule requiring defendant seeking post-conviction relief to state facts sufficient to entitle him to relief constitute independent and adequate state grounds so as to bar federal review under § 2254). But Cherry then moved for reconsideration and explained the basis for his claim. The trial court summarized his allegations as follows:

> Specifically [Cherry] indicates that Detective Wolf's testimony that he identified himself to suspects as a law enforcement officer is contradicted by the police report's indication that he was driving an unmarked squad car. [Cherry] also alleges that Detective Wolf's testimony about when he received a description of the suspects is in conflict with the police reports.

(ECF No. 8-1 at 41.) Having previously set out the two-pronged test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for deciding ineffective assistance of counsel claims under the Sixth Amendment and the principles governing its application (ECF No. 8-1 at 42–43), the trial court concluded that even assuming Cherry's allegations were true, neither of the alleged inconsistencies were of consequence to the court's decision and neither would have been significant

4

enough to effect the outcome. (ECF No. 8-1 at 45.)

The Wisconsin Court of Appeals affirmed the trial court's decision denying his motion, noting that Cherry's claim was procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W. 2d 157 (1994), unless he could establish sufficient reason for failing to raise it earlier. Recognizing that ineffective assistance of counsel could constitute sufficient reason, the state appellate court nevertheless concluded Cherry's claim was barred because he failed to establish his previous attorneys were ineffective:

> The fact that Wolf was driving an unmarked car does not contradict his testimony that police identified themselves to Cherry upon making contact with him. Indeed, it appears that the identification was done verbally by another officer. As for Cherry's complaint about the timing of Wolf's conversation with Abbott (i.e., whether it was done before Cherry was taken to the station for questioning), the police reports do not clearly contradict Wolf's testimony that he spoke to Abbott at the scene of the crime while Cherry was in a squad car. At worst, the wording of Wolf's report renders the timing a bit vague, and Abbott's report does not address the conversation at all. However, given the relative weakness of Cherry's proposed impeachment, we cannot say that he was prejudiced by counsel's failure to present it.

(ECF No. 8-1 at 61.) The state courts' disposition of Cherry's claim is well within the realm of what would be considered reasonable. Cherry's alleged inconsistencies amount to nothing more than, to use the vernacular, nit-picking.

A federal court is authorized to grant habeas corpus relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The granting of such relief by federal courts is further limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "significantly constrain any federal court review of a state court conviction." *Searcy v. Jaimet*, 332 F.3d 1081, 1087 (7th Cir. 2003). Under AEDPA, habeas corpus relief for persons serving sentences

5

imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Further, given the deferential *Strickland* standard under which claims of ineffective assistance of counsel claims are evaluated on direct review, adding the layer of deference mandated by AEDPA results in a "doubly-deferential" standard of review that is easily met in this case. It thus follows that Cherry's petition must be denied.

A district court must issue or deny a certificate of appealability when it enters a final order on a petition seeking relief under § 2254 adverse to the petitioner. Rule 11(a), Rules Governing § 2254 Proceedings. A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v McDaniel*, 529 U.S. 473, 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Here, I conclude that reasonable jurists would agree that Cherry's petition should be denied and his case dismissed. No certificate of appealability will therefore be issued. 28 U.S.C. § 2253(c)(3). Of course, if Cherry wishes to appeal, he must file a notice of appeal with the Clerk of this Court within thirty days of the date of this order and request that the Court of Appeals issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that Cherry's amended petition is denied and this action is dismissed.

Dated at Green Bay, Wisconsin this   23rd   day of January, 2017.

                                                 s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court